IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY     *
COMMISSION
                                 *
         Plaintiff
                                 *
     vs.                             CIVIL ACTION NO. MJG-98-3246
                                 *
BROWNING-FERRIS, INC.
                                 *
         Defendant
*    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

The Court has before it Defendant's Motion For Reconsideration and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

By Memorandum and Order of July 2, 1999, the Court dismissed this case, holding that Plaintiff failed to state a claim that Deborah J. Brown had been regarded as substantially limited in the major life activity of working. On July 28, 2000, the United States Court of appeals for the Fourth Circuit reversed, stating:

> we think the complaint is worded broadly
> enough to permit the EEOC an opportunity to
> go beyond the pleadings and offer proof, if
> it can, that BFI regarded Brown as
> substantially limited in major life
> activities other than that of "working."
> Reading the complaint generously, we think

> the allegation that BFI "plac[ed] Deborah J.
> Brown on unpaid leave and shortly thereafter
> terminat[ed] her based upon [BFI's]
> perception that she was disabled," J.A. 6
> (emphasis added), was sufficient to meet
> notice pleading requirements. Thus, we find
> that a remand is appropriate to allow the
> action to proceed.

E.E.O.C. v. Browning-Ferris, Inc., 225 F3d 653, *1 (4th Cir. 2000) (Unpublished disposition).

On remand, the case proceeded through discovery and the filing of cross-motions for summary judgment. By Memorandum and Order issued September 17, 2002, the Court denied summary judgment to either side. In the said Memorandum and Order, the Court stated that there was evidence sufficient to prove that Brown actually was disabled so that Plaintiff did not have to rely solely upon a "regarded as" claim.

Defendant seeks reconsideration on the asserted ground that the Court denied it summary judgment because of Brown's evidence which could establish an actual disability. Defendant claims that the evidence is not sufficient to establish an actual disability and, further, claims entitlement to a continuance and further discovery.

The fact, if it be a fact, that Brown was actually disabled is not inconsistent with Brown's claim that she was perceived as

2

disabled.  Indeed, such a fact would be supportive of the allegation that she was so perceived.  Nevertheless, Plaintiff did not, as Defendant suggests, need the evidence of actual disability to render adequate the evidence supporting the "regarded as" aspect of Plaintiff's claim.

Nor would Plaintiff, should it choose to proceed to trial on the actual disability aspect of its claim, be proceeding on a claim outside the scope of the Complaint.  While the Complaint in paragraph 9 refers to Brown's treatment "because of a perceived disability," in paragraphs A and D of the Paper for Relief, Plaintiff seeks injunctive relief with regard to discrimination against employees because of an "actual or perceived disability."  Moreover, Defendant recognized the actual disability aspects of Plaintiff's claim by asserting a Seventh Defense that "at no relevant time has Ms. Brown been or been regarded as [disabled] and an Eleventh Defense that "at all relevant times, Ms. Brown was not [disabled]."

There is no basis for the Court to reopen discovery or delay the trial of the case.

For the foregoing reasons:

1. Defendant's Motion For Reconsideration is DENIED.

2. The case shall proceed to trial pursuant to existing scheduling.

SO ORDERED this 3rd day of January, 2003.

_____
Marvin J. Garbis
United States District Judge